**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALBERTO HERNANDEZ,<br><br>              Plaintiff,<br><br>         v.<br><br>BOARDWALK 1000, LLC, d/b/a/<br>HARD ROCK HOTEL & CASINO<br>ATLANTIC CITY,<br><br>              Defendant. | Civil Action No. 19-6089<br><br><br>**ORDER TO SHOW CAUSE** |

**HILLMAN**, **District Judge**

WHEREAS this action is one of eight filed by Plaintiff Alberto Hernandez ("Plaintiff") on or about February 18, 2019 alleging that hotels in the southern part of New Jersey violated the Americans with Disabilities Act, Title III, 42 U.S.C. § 12181 *et seq.* ("ADA"); and

WHEREAS in all eight matters, Plaintiff alleges that he cannot walk without the use of assistive devices as a result of a partial leg amputation, and specifically pleads that he "has decided to become an activist for ADA [c]ompliance so that places of public accommodation comply with the law." See, e.g., (ECF No. 1 ("Comp.") at ¶16); and

WHEREAS Plaintiff seeks an Order directing the Defendants to fix the properties' reservation websites "so that [they are]

1

compliant with the ADA[.]" (Comp. at ¶52). Plaintiff contends that the websites do not currently permit him to determine whether each property has disability accommodations meeting his needs; and

WHEREAS courts "are required to raise issues of standing *sua sponte* if such issues exist." Bock v. Pressler & Pressler, LLP, 658 F. App'x 63, 64 (3d Cir. 2016) (citing Steele v. Blackman, 236 F.3d 130, 134 n.4 (3d Cir. 2001)). "If plaintiffs do not possess Article III standing . . . the District Court . . . lack[s] subject matter jurisdiction to address the merits of plaintiffs' case." Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003) (citation omitted); and

WHEREAS "To establish Article III standing, a plaintiff must have '(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" Mielo v. Steak `n Shake Operations, Inc., 897 F.3d 467, 478 (3d Cir. 2018) (citations omitted). As "[t]he party invoking federal jurisdiction," a plaintiff "bears the burden of establishing these elements." Id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992)); and

WHEREAS "The primary element of standing is injury in fact, and it is actually a conglomerate of three components": (1) "'an invasion of a legally protected interest"; (2) a "'concrete and

particularized'" injury; and (3) an injury that is "'actual or imminent, not conjectural or hypothetical.'"  Mielo, 897 F.3d at 478 (citations omitted); and

WHEREAS it appears to this Court that Plaintiff has not pled an injury in fact.  In Murray v. Lifetime Brands, Inc., No. 16-cv-5016, 2017 WL 1837855 (D.N.J. May 8, 2017), the plaintiff's claim was premised on an "'unlawful denial of access to information subject to disclosure.'"  Id. at *3 (quoting In re: Nickelodian Consumer Privacy Litig., 827 F.3d 262, 273-74 (3d Cir. 2016)).  In Murray, this Court held that the plaintiff had not established an injury in fact, explaining, "[c]ritically, what Murray fails to do, however, is identify the harm that resulted from allegedly not knowing what she asserts the [law] requires [defendant] to tell her."  Id. at *4; and

WHEREAS on October 4, 2019, the Honorable Robert B. Kugler, U.S.D.J. issued an Opinion and Order finding that Plaintiff lacked standing in one of the eight related cases, Hernandez v. Caesars License Co., LLC, No. 19-6090, 2019 WL 4894501, at *1 (D.N.J. Oct. 4, 2019) ("Defendant contends that Plaintiff lacks constitutional standing to bring this suit. After fully evaluating the allegations in Plaintiff's Amended Complaint, the Court GRANTS Defendant's Motion to Dismiss."); and

WHEREAS on December 4, 2019, the Honorable Renee Marie Bumb, U.S.D.J. issued an Opinion and Order reaching the same

conclusion in a pair of related actions, Hernandez v. Caesars License Co., LLC, No. 19-6087, 2019 WL 6522740 (D.N.J. Dec. 4, 2019); Hernandez v. Caesars License Co., LLC, No. 19-6088, 2019 WL 2019 WL 6522740 (D.N.J. Dec. 4, 2019); and

WHEREAS in light of the Orders issued by Judges Kugler and Bumb, this Court will Order Plaintiff to Show Cause as to why this Court should not adopt those decisions in this related action;

THEREFORE,

IT IS HEREBY on this   9th   day of  December  , 2019

ORDERED that Plaintiff shall have fifteen (15) days to show cause why this case should not be dismissed for lack of Article III standing and why this Court should not adopt the decisions in Hernandez v. Caesars License Co., LLC, No. 19-6090, 2019 WL 4894501, at *1 (D.N.J. Oct. 4, 2019); Hernandez v. Caesars License Co., LLC, No. 19-6087, 2019 WL 6522740 (D.N.J. Dec. 4, 2019); and Hernandez v. Caesars License Co., LLC, No. 19-6088, 2019 WL 2019 WL 6522740 (D.N.J. Dec. 4, 2019); and it is further

ORDERED that upon receipt of Plaintiff's submission in response to this Order to Show Cause, the Court may direct a response from Defendant.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.